### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT DALE LAMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 05-CV-745-WDS** |
| | ) | |
| **MAYOR: DONALD E. SANDIDGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM & ORDER</u>

**STIEHL, District Judge:**

Before the Court is plaintiff's pro se motion for issuance of a temporary restraining order

(Doc. 19). Before addressing the merits of plaintiff's motion, the Court must first discuss the

fact that the motion for a temporary restraining order is brought by plaintiff in his own name,

Robert Lamon, and on behalf of the people of the State of Illinois. Specifically, the motion

states that it is brought by, "Plaintiff, Robert Lamon and the State of Illinois, by and through

James E. Ryan, Attorney General of Illinois ("State of Illinois"). . . ." The Court notes,

however, that the Attorney General of Illinois is Lisa Madigan, and neither she, nor anyone from

her office on behalf of the Office of Attorney General, has entered their appearance in this cause

of action. The plaintiff cannot, on his own, represent the People of the State of Illinois, nor

commit the Office of the Attorney General to participate in this cause of action. Therefore, the

Court *sua sponte,* **DISMISSES**, as named plaintiffs in this action, the People of the State of

Illinois.

The Court further notes that when this action was remanded from the United States Court

of Appeals, the Seventh Circuit specifically held that plaintiff had *only* stated a cause of action

against defendant Mayor Sandidge (in his official capacity as mayor of the City of Alton, and

therefore, through him, against the City of Alton).  Although that claim survived threshold

review, the Court of Appeals found the claim to be "doubtful."  The Court of Appeals

specifically found that plaintiff *had not* stated a cause of action against the unknown people who

committed unspecified acts of harassment against him.  Therefore, the only defendant is Mayor

Sandidge, and through him, the City of Alton.  This Court specifically directed plaintiff, on June

11, 2007, to provide to the Court the address of Mayor Sandidge so that he could be served with

process (See, Doc. 18).    Therefore, the only remaining defendant in this cause of action is

Mayor Sandidge, sued in his official capacity, which acts as a suit against the municipality, the

City of Alton.[1]

Having reviewed the status of this case, the Court will now consider the merits of the

plaintiff's request for issuance of a temporary restraining order.

### STANDARDS FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER

In the Seventh Circuit it is well settled that :

> To win a preliminary injunction, a party must show that
> it is reasonably likely to succeed on the merits, it is
> suffering irreparable harm that outweighs any harm the
> nonmoving party will suffer if the injunction is granted,

---

[1]It is well-established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell v. N. Y. City Dep't of Soc. Services,* 436 U.S. 658, 691 (1978). When a plaintiff sues an officer in his official capacity, the suit is treated as one against the municipality itself. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). However, a municipality is not liable under § 1983 simply because it employs the alleged wrongdoer. *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403-04 (1997); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury. *Id.*

> there is no adequate remedy at law, and an injunction
> would not harm the public interest. *Joelner v. Vill. of
> Wash. Park*, 378 F.3d 613, 619 (7th Cir.2004). If the
> moving party meets this threshold burden, the district
> court weighs the factors against one another in a sliding
> scale analysis, *id.,* which is to say the district court
> must exercise its discretion to determine whether the
> balance of harms weighs in favor of the moving party
> or whether the nonmoving party or public interest will
> be harmed sufficiently that the injunction should be denied.

*Christian Legal Society v. Walker,* 453 F.3d 853, 859 (7th Cir. 2006).     In this case, the plaintiff

asserts, in relevant part,  that:

> 3.      There is good cause to believe that defendants
>         [listing all the named defendants, including the
>         dismissed defendants] have engaged in and are
>         likely to engage in acts and practices that violate
>         Section [ no section listed ], and that Plaintiffs
>         are therefore likely to prevail on the merits of
>         this action;
> 4.      There is good cause to believe that immediate
>         and irreparable damage to the Court's ability to
>         grant effective final relief for Robert Lamon and
>         the people of Alton, Illinois in the form of
>         monetary redress and continued violations of
>         our protected rights unless Defendants are
>         immediately restrained and enjoined by Order
>         of this Court;

It is well settled in this Circuit that a party seeking injunctive relief must demonstrate,

among other things, "that [he] has 'no adequate remedy at law' and will suffer 'irreparable harm'

if preliminary relief is denied." *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th

Cir.1992).   If the moving party cannot make this showing, "a court's inquiry is over and the

injunction must be denied." *Id.*

It is also well settled that speculative injuries do not justify this extraordinary remedy.

*See, e.g., Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir.1995); *Pub.*

*Serv. Co. of N.H. v. Town of W. Newbury,* 835 F.2d 380, 383 (1st Cir.1987); *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984). *Cf. Am. Hosp. Supply Corp. v. Hosp. Prods. Ltd.,* 780 F.2d 589, 595 (7th Cir.1986).

In this case, plaintiff has made absolutely no showing of any injury *or* any irreparable harm, nor has he shown a likelihood of success on the merits.  A speculative, vague allegation of some possible unspecific harm in the future is not the kind of showing which warrants the extraordinary remedy of injunctive relief.  Simply put, plaintiff has not met his burden to warrant the Court's consideration of his request for injunctive relief.

Accordingly, the Court **DENIES** plaintiff's motion for injunctive relief on all grounds raised.  Plaintiff is reminded that he cannot represent the People of the State of Illinois in his action, and cannot commit the Attorney General or her office to being a party to this action.  The plaintiff is further reminded that only Mayor Sandidge remains as a defendant to this action and further unsubstantiated claims brought against other defendants will be summarily dismissed, unless plaintiff receives leave of Court to include those defendants.

**IT IS SO ORDERED.**

**DATED:    June 18, 2007.**


**s/  WILLIAM D.  STIEHL**
**DISTRICT JUDGE**