# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT DALE LAMON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 05-CV-745-WDS |
| ) | |
| **MAYOR: DONALD E. SANDIDGE,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's pro se amended motion for issuance of a temporary restraining order (Doc. 21). Before addressing the merits of plaintiff's motion, the Court must first discuss the fact that the motion for a temporary restraining order avers that this Judge should not hear this case because this Judge has previously ruled against the plaintiff, therefore he is prejudiced and biased.

In his motion, plaintiff complains of, inter alia: the length of time it took the Court to rule on his in forma pauperis status, and prior Court rulings which dismissed several named defendants, and the Court's denial of his prior motion for a Temporary Restraining Order (Doc. 20), which was entered June 18, 2007. Plaintiff claims that the Court is biased against him and prejudiced to his claims, and he objects to the rulings of this Judge. He seeks to have another judge assigned to hear this case.

**I.   MOTION FOR RECUSAL**

In light of the fact that the motion is filed *pro se*, the Court will consider the motion for

substitution of judges to be premised on 28 U.S.C. §§ 144, 455.  Section 144 provides:

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in pertinent part:

> § 455. Disqualification of justice, judge, or magistrate.
>
> (a)   Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)   He shall also disqualify himself in the following circumstances:
>    (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;   . . .
>
>    (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>       (i)   Is a party to the proceeding, or an officer, director, or trustee of a party;
>       (ii)  Is acting as a lawyer in the proceeding;
>       (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>       (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

A.   <u>Disqualification Under § 144 or § 455</u>

"Recusal under section 144 is mandatory once a party submits a timely and sufficient affidavit and [his] counsel presents a certificate stating that the affidavit is made in good faith."

2

*United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993), *citing United States v. Balistrieri*, 779 F.2d 1191, 1199-1200 (7th Cir. 1985).  The affidavit must satisfy two requirements: it must be *timely* and *sufficient*.  An affidavit is not "timely" unless it is filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990), *quoted in Sykes*, 7 F.3d at 1339.  Finally, the affidavit must be legally sufficient. "In passing on the legal sufficiency of the affidavit, the Court must assume the truth of the factual assertions even if it 'knows them to be false.'" *Id., quoting Balistrieri*, 779 F.2d at 1199.  Further:

> [T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source *some source other than what the judge has learned through participation in the case*."

7 F.3d at 1339, *quoting Balistrieri*, 779 F.2d at 1199 (emphasis added).  "The facts alleged in [a disqualification] motion must be *legally sufficient* and demonstrate the judge's personal biao ro prejudice against a party." *Hoffman v. Caterpillar, Inc.,* 368 F.3d 709, 718  (7th Cir. 2004) (emphasis added).   Further, "The factual allegations must fairly support the charge of bias or [partiality] and must be specific-including times, places, persons and circumstances." *Id.*   The requirements of this statute are "strictly construed to prevent abuse."  *Id.* (citation omitted).

       1.      Timeliness of the Motion

Failure to file a timely affidavit is fatal to a claim under § 144.  *Sykes*, 7 F.3d at 1339.  Section 144 requirements are considered to be "stringent."  *Id.*  As the *Sykes* court noted: "Two months after the allegedly prejudicial [act] is certainly not 'at the earliest possible moment' after discovery of the prejudice."  *Id., quoting Barnes*, 909 F.2d at 1071-72.  Here, the plaintiff did not

3

file an affidavit, he merely sought substitution of judge which does not meet the stringent requirements of § 144. The Seventh Circuit has stated: "We cannot permit parties to postpone filing affidavits until after an alleged prejudice manifests itself without eviscerating the timing requirement altogether." *Sykes*, 7 F.3d at 1339, n.11.

2.  Allegations of Bias

Even if the Court were to construe the motion as an affidavit, it still fails to satisfy the requirements of § 144. "[T]he facts averred [in a § 144 affidavit] must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Sykes,* 7 F.3d at 1339. Moreover, the affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source some source *other than what the judge has learned through participation in the case*." *Id.* (emphasis added).

The Supreme Court addressed the extrajudicial source doctrine in *Liteky v. United States*, 510 U.S. 540 (1994). The Court stated:

> It seems to us that the origin of the "extrajudicial source" doctrine, and the key to understanding its flexible scope (or the so called "exceptions" to it), is simply the pejorative connotation of the words "bias or prejudice." Not *all* unfavorable disposition towards an individual (or his case) is properly described by those terms.

*Id.* at 550 (emphasis added). Further:

> The words [bias and prejudice] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess (for example, a criminal juror who has been biased or prejudiced by receipt of inadmissible evidence concerning the defendant's prior criminal activities), or because it is excessive in degree (for example, a criminal juror is so inflamed by properly admitted evidence of a defendant's prior criminal activities that he will vote guilty regardless of the facts). The "extrajudicial source" doctrine is one application of this pejorativeness requirement to the terms "bias" and

4

> "prejudice" as they are used in §§ 144 and 455(b)(1) with specific
> reference to the work of judges.

*Id.*

Therefore, "judicial rulings alone almost never constitute valid basis for a partiality motion," nor will "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

The Court determined that the "extrajudicial source" doctrine is more properly a factor to consider in both § 144 and § 455 recusal motions.

> Since neither the presence of an extrajudicial source necessarily
> establishes bias, nor the absence of an extrajudicial source necessarily
> precludes bias, it would be better to speak of the existence of a significant
> (and often determinative) "extrajudicial source" *factor,* than of an
> "extrajudicial source" *doctrine,* in recusal jurisprudence.

114 S.Ct. at 554-55. The Court concluded that the true issue governing recusal is the appearance of a wrongful or inappropriate bias or prejudice, i.e. whether the judge has an "inability to render fair judgment." *Id.* at 555. As *Liteky* noted, matters learned in prior proceedings and a "judge's ordinary efforts at courtroom administration . . . remain immune" from bias and prejudice attacks. *Id.*

Although the standard is "not the reality of bias or prejudice but its appearance," *Id*. at 548, this Court must resist improper use of the recusal statute. As the Third Circuit stated: "[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or

prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), *quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." 71 F.2d at 351. Certainly "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47(1975). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *Barnes*, 909 F.2d at 1071. Plaintiff's bald assertions of bias and or prejudice simply do not meet these standards under even the most liberal of readings.

Here, the plaintiff's complaints and claims of bias or prejudice against this Judge are simply based on his dissatisfaction with the rulings he has received, and the fact that the Court has ruled against him. As such, the Court **FINDS** that plaintiff has failed to establish any basis at all for the recusal of this Judge, and his motion for substitution is **DENIED** on all grounds.

## II.     RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER.

As the Court previously noted, it is well settled in this Circuit that a party seeking injunctive relief must demonstrate, among other things, "that [he] has 'no adequate remedy at law' and will suffer 'irreparable harm' if preliminary relief is denied." *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir.1992). If the moving party cannot make this showing, "a court's inquiry is over and the injunction must be denied." *Id.*

It is also well settled that speculative injuries do not justify this extraordinary remedy. *See, e.g., Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir.1995); *Pub.*

*Serv. Co. of N.H. v. Town of W. Newbury,* 835 F.2d 380, 383 (1st Cir.1987); *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984). *Cf. Am. Hosp. Supply Corp. v. Hosp. Prods. Ltd.,* 780 F.2d 589, 595 (7th Cir.1986).

In this amended motion, plaintiff has alleged absolutely nothing new from the prior request for a Temporary Restraining Order. The Court's ruling, therefore remains the same. Simply put plaintiff has made absolutely no showing of any injury *or* any irreparable harm, nor has he shown a likelihood of success on the merits. Speculative, vague allegations of some possible unspecific harm in the future simply cannot warrant the extraordinary remedy of injunctive relief. Invoking the words "motion for a temporary restraining order" does not relieve the movant from making the proper showing that he is entitled, under the controlling legal standards to this relief.

Accordingly, the Court **DENIES** plaintiff's amended motion for injunctive relief on all grounds raised.

**IT IS SO ORDERED.**

**DATED:   June 27, 2007.**


                            **s/  WILLIAM D.  STIEHL**
                                **DISTRICT JUDGE**